The difficulty in this case is, however, that there is nothing in the will to show what the purpose of the trust was (Fralick v. Lyford, supra; Matter of Scott, supra), assuming that a trust was attempted. But the fact is no trust is attempted to be created. On the contrary, the gift intended appears clearly on its face to be an absolute one. It was held in Fralick v. Lyford, 107 App. Div. 543, 95 N. Y. Supp. 433, affirmed 187 N. Y. 524, 79 N. E. 1105, that the act of 1893 is one to regulate gifts for the purposes therein specified, and clearly relates only to gifts in trust for such purposes, and that such enactment did not change the rule of law which declares an unincorporated religious or charitable society incapable of taking a bequest, either absolutely or as trustee. In the light of the foregoing decisions, it is manifest that the Sorosis Carol Club is incapable of taking the bequest intended in its favor.

The plaintiff is therefore entitled to judgment as indicated, with costs. Costs should also be allowed to each of the defendants who has appeared and answered, and the costs so awarded to the respective parties should be paid out of the estate. Let a decision and interlocutory judgment be presented in accordance with these views, upon the usual notice of settlement.

---

### ZIMMERMAN v. KLAUBER et al.

(Supreme Court, Appellate Division, First Department. June 10, 1910.)

INTEREST (§ 38*)—AMOUNT RECOVERABLE—STATUTORY RATE.

Where parties stipulated for interest at a fixed rate until the principal sum is paid, that rate will prevail up to the date of entry of judgment, after which interest may be recovered only at the statutory rate; but, where a rate is provided without such limitation, the rate is determined as fixed by the contract up to the time of default, and thereafter at the legal rate as fixed by the statute.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 79–82; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by Leopold Zimmerman against Albina Klauber and others. Judgment for plaintiff for part only of relief demanded, and he appeals. Affirmed.

The following is the opinion of Greenbaum, J., in the court below:

Motion for judgment upon the pleadings. The action is for foreclosure of a mortgage, in which the rate of interest was stipulated at 4 per centum per annum "until the aforesaid principal sum shall be paid." By the terms of the mortgage the principal became due on January 2, 1905. The complaint alleges the payment of interest at the rate of 4 per centum down to the 2d day of January, 1909, and demands judgment for $20,000, the principal sum, with interest thereon from January 2, 1905, to January 2, 1909, at the rate of 2 per centum per annum, and interest at the rate of 6 per centum from January 2, 1909. The answer presents no issuable question of fact, and the only question that arises upon the pleadings is whether plaintiff is entitled to interest at the rate of 6 per centum from January 2, 1905, the due date of the mortgage. The authorities in this state touching the point under discussion might upon a superficial reading indicate that the plaintiff's contention is correct, but an analysis of the cases establishes to my mind a contrary conclusion. The gen-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

eral rule is summed up in the recent case of Pryor v. City of Buffalo, 197 N. Y. 123, 143, 90 N. E. 423, 429, as follows: "That the rate of interest is fixed by the contract to pay money up to the time of default, but after breach the rate of interest is determined, not by the contract, but by the statute." The court cites the leading cases bearing upon this subject, among others Ferris v. Hard, 135 N. Y. 354, 32 N. E. 129, which was the case of a foreclosure of a mortgage which provided for the payment of the principal in form of annual installments, "and the sums remaining from time to time unpaid were to bear interest at 7 per cent." The court held that if an installment were not paid when due the contract was violated, and interest after that upon such installment could only be recovered as damages and at the rate of interest authorized by law, citing Bennett v. Bates, 94 N. Y. 354, and O'Brien v. Young, 95 N. Y. 428, 47 Am. Rep. 64. In O'Brien v. Young, supra, 95 N. Y., at page 430, 47 Am. Rep. 64, it is stated: "But when the contract provides that the interest shall be at a specified rate until the principal shall be paid, then the contract governs until payment of the principal, or until the contract is merged in a judgment." The opinion in Ferris v. Hard, supra, 135 N. Y., at page 365, 32 N. E., at page 132, expressly distinguishes the case then before the court from one where the agreement is "to pay interest, on a principal sum at 7 per cent. until the principal sum is paid, such as the case of Taylor v. Wing, 84 N. Y. 471, 477." The rule deducible from these authorities seems to be that where the parties have stipulated for the payment of interest at a fixed rate "until the principal sum is paid," that rate will prevail up to the date of entry of judgment, but where a rate of interest is provided for the payment of moneys without any such limitation as above quoted, the rate is determined as fixed by the contract up to the time of default and thereafter at the legal rate fixed by statute.

It follows, therefore, that plaintiff is entitled to a decree of foreclosure for nonpayment of the principal sum of $20,000, with interest thereon at the rate of 4 per cent. Judgment will accordingly be directed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

A. Epstein, for appellant.
A. J. McClure, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion in the court below. Order filed.

---

SORAPURE v. EDMOUND SCHAEFFER & CO.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

VENDOR AND PURCHASER (§ 341*)—RECOVERY OF DEPOSIT ON PURCHASE PRICE —ACTION FOR RETURN—PRIMA FACIE CASE—DISMISSAL.

In an action to recover a deposit on the purchase price of real estate, where plaintiff proved that the property bargained for belonged to defendant, that his agreement was made with defendant's secretary and agent, having authority to act for defendant, and that the agreement was assented to by defendant, but no contract was entered into, the parties being unable to agree upon terms, and that a demand was made, and refused, for the return of the deposit, the facts established a prima facie case, and it was error to dismiss the complaint.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008, 1015; Dec. Dig. § 341.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes